IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ROBERT GATTIS;
individually and on behalf of
all others similarly situated,
        Plaintiff,

    vs.

PERRY PHELPS, Warden,
Delaware Correctional
Center (DCC);
JAMES SCARBOROUGH,
Major, DCC;
KAREN HAWKINS,
Staff Lieutenant, DCC;
WILFORD BECKLES,
Sergeant, DCC,
        Defendants.

08 - 1 5 4

Case Number

CIVIL COMPLAINT

2008 MAR 18 AM 9:19

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. §1983

INTRODUCTION.

1. This Complaint seeks declartory and injunctive
relief, and damages as are available under 42 U.S.C.
§1983 that will remedy defendants' actions which have
impinged upon the Plaintiff's constitutional rights
under: the First Amendment's free speech clause;
Eighth Amendment's prohibition against cruel and
unusual punishment; and due process clause of
the Fourteenth Amendment.

## JURISDICTION AND VENUE.

2. This action is bought pursuant to 42 U.S.C. §1983 because Plaintiff's constitutional rights were violated by individuals acting under color of state law. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 (federal question), §1343 (civil rights violation), §2201 (declartory relief), and §2202 (further relief). The Court also has supplemental jurisdiction over any state claims.

3. Venue is proper pursuant to 28 U.S.C. §1391 (b), because Plaintiff is currently incarcerated at the Delaware Correctional Center (DCC) near Smyrna, Delaware, located in this District, and the events giving rise to this Complaint have occurred in this District.

## PARTIES.

4. Plaintiff, Robert A. Gattis, is a United States citizen and a resident of the state of Delaware. He is currently a death penalty inmate in the custody of the Delaware Department of Correction. He is held at SBI#188752, Bldg. 18, Delaware Correctional Center, 1181 Paddock Road, Smyrna, Delaware, 19977.

5. Defendant, Perry Phelps, is the Warden of the Delaware Correctional Center (DCC), 1181 Paddock Road, Smyrna, Delaware, 19977, were Plaintiff is incarcerated and were

2

the constitutional violations occurred. He is Plaintiff's custodian. In addition, he is responsible for the day-to-day management of the DCC. He is responsible for portions of the constitutional violations Plaintiff has suffered.

6. Defendant, James Scarborough, is a Major and DCC Security Superintendant. Major Scarborough is responsible for portions of the constitutional violations Plaintiff has suffered.

7. Defendant, Karen Hawkins, is a Staff Lieutenant at DCC and Unit Commander for Security Housing Unit (SHU) and building 18 were Plaintiff resides. She is responsible for portions of the constitutional violations Plaintiff has suffered.

8. Defendant, Wilford Beckles, is a Sergeant at DCC and Building 18 Sergent for the 08:00 through 16:00 hours shift. He is responsible for portions of the constitutional violations Plaintiff has suffered.

9. All Defendants are sued in both their individual and official capacities.

PRISON LITIGATION REFORM ACT EXHAUSTION.

10. On June 25, 2007, Plaintiff filed an inmate grievance requesting that the Inmate Housing Rules be modified to provide death penalty inmates under administrative segregation with privileges necessary to bring their confinement into constitutional compliance. Plaintiff's grievance was

3

rejected on July 9, 2007 with a notation that "DCC is operating within state and federal guidelines." There is no appeal process for rejected inmate grievances.

11. On August 21, 2007, Plaintiff filed an inmate grievance requesting that he be permitted to exercise his First Amendment right to receive publications that contain sexually explicit content. Plaintiff's grievance was rejected on August 27, 2007 with a notation that "[p]ro-cedure 4.5 also prohibits sexually explicit material."

12. On October 5, 2007, Plaintiff filed an inmate grievance requesting that defendant Hawkins' October 3, 2007 change be found to violate the applicable housing rules, and that inmates housed on A-tier, building 18 receive exercise in accord with the U.S. Constitution.

13. Having not seen any indication of action regarding the October 5 grievance, Plaintiff wrote the inmate grievance office to inquire as to its status on December 18, 2007. In response, Plaintiff was informed by Inmate Grievance Chairperson (IGC) Dutton that his office had no record of the October 5 grievance, however, it could be resubmitted.

14. On December 22, 2007, Plaintiff resubmitted his October 5 grievance. The grievance was subsequently returned by IGC Dutton as a "request" with the notation that

4

defendant Hawkins is following procedure.

15. Consequently, Plaintiff has exhausted his only available administrative remedy.

16. Plaintiff's Complaint is therefore ripe for adjudication.

FACTS

A. First Amendment.

17. On March 14, 2007, the Delaware Department of Corrections (DOC) promulgated its revised policy on incoming publications.

18. On March 26, 2007, then Delaware Correctional Center (DCC) Warden Thomas Carroll published a memorandum announcing that DCC's policy on incoming publications had not changed.

19. DCC's policy on incoming publications and sexually explicit material is set forth in the Inmate Housing Rules.

20. Although the housing rules provide a descriptive meaning for the term sexually explicit, it does not explain the judgment that the material is detrimental to security, good order, or discipline of the institution.

21. DOC Policy 4.5 regarding incoming publications plainly ascribes authority to facility wardens for assessing and determining if a publication should be rejected.

22. However, a warden's authority is limited to specified instances and reason for which a rejection may occur.

23. Defendant Phelps has not invoked a logical connection to legitimate penological interest to justify prohibiting Plaintiff from receiving publications with sexually explicit content.

B. Eighth Amendment

24. On October 3, 2007, defendant Hawkins published a memorandum authorizing building 18 staff to compel A-tier inmates to take indoor recreation if the outdoor areas were in use.

25. The significance of the change operates to reduce the opportunities Plaintiff receives for outdoor exercise.

26. In her October 3 memorandum, defendant Hawkins asserted an "increase in offenders on the tier" as a pretext for the authorization. In actuality, it is the number of cells, not whether the cells are occupied or unoccupied, that controls the recreation schedule.

27. On November 7, 2007, defendant Beckles informed Plaintiff recreation would no longer be provided following scheduled personal visits. When Plaintiff asked why there had been a change, defendant Beckles referred to an inmate housing rule that missed recreation will not be made up.

28. On November 13, 2007, defendant Scarborough verbally instructed building 18 staff to no longer provide A-tier inmates recreation on Saturdays — which constituted A-tier inmates fourth recreation day.

29. When considered together these additional restrictions serve to restrict Plaintiff to a maximum of three recreation 45 minutes of exercise and 15 minutes to shower each day() days per week and greatly diminish his opportunities for outdoor exercise.

30. Defendant Phelps has not established the necessary rules, policies and procedures to bring Plaintiff's confinement conditions into constitutional compliance.

C. Fourteenth Amendment.

31. The extraordinary restrictions imposed upon Plaintiff are especially harsh and exceed those typical to the ordinary incidents of prison life.

CLAIMS.

32. That defendant Phelps' policy of rejecting incoming publications with sexually explicit content addressed to Plaintiff and others similarly situated is a violation of their free speech right under the First Amendment of the United States Constitution.

33. That the acts of defendants Hawkins, Beckles, and Scarborough, both individually and in combination, violated Plaintiff and others similarly situated rights and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

34. That defendant Phelps' failure to establish rules,

policies and procedures for Plaintiff's and others similarly situated long term confinement to nondisciplinary administrative sergation has violated the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

REQUEST FOR RELIEF.

WHEREFORE, the Plaintiff respectfully request for the following relief:

A. That the Court enter judgement declaring the acts of defend Phelps to violate the rights of Plaintiff and others similarly situated under the First, Eighth, and Fourteenth Amendments of the United States Constitution.

B. That the Court enter judgement declaring the acts of defendants Hawkins, Beckles, and Scarborough to violate the rights of Plaintiff and others similarly situated under the Eighth and Fourteenth Amendments of the United States Constitution.

C. Temporary, preliminary, and premanent injunctive relief enjoining defendants Hawkins, Beckles, and Scarborough and all persons acting in concert with them from depriving Plaintiff and others similarly situated exercise and recreation in conformity with the Eighth and Fourteenth Amendments to the United States Constitution.

D. Preliminary and permanent injunctive relief enjoining defendant Phelps from preventing Plaintiff's

and others similarly situated exercising their free speech rights under the First and Fourteenth Amendments to the United States Constitution.

E. That the Court issue an injunctive order directing defendant Phelps to establish rules, policies and procedures sufficient to bring Plaintiff's and others similarly situated confinement conditions into conformity with the First, Eighth, and Fourteenth Amendments to the United States Constitution.

F. That the Court award nominal damages to Plaintiff.

G. That the Court award punitive damages to Plaintiff.

H. That the Court award reimbursement by defendants for cost of Complaint.

I. That the Court conduct appropriate and necessary evidentiary hearings and discovery to permit Plaintiff to prove his constitutional claims.

J. That the Court grant any such other relief as it deems appropriate.

Respectfully Submitted,

Robert Gattis
SBI #188752    Bldg. 18
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Dated: March 10, 2008

8