IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ROBERT GATTIS, individually and on behalf of all others similarly situated,
Plaintiff,

vs.

PERRY PHELPS, Warden, Delaware Correctional Center (DCC);
JAMES SCARBOROUGH, Major, DCC;
KAREN HAWKINS, Staff Lieutenant, DCC;
WILFORD BECKLES, Sergeant, DCC,
Defendants.

08-154

Case Number

CIVIL COMPLAINT

SUPPORTING MEMORANDUM TO PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Robert Gattis
SBI # 188752 - Bldg. 18
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Dated: March 10, 2008

Plaintiff submits the following in support of his motion asking the Court to request an attorney to represent him.

### Procedural Posture:

Plaintiff initiated a civil action pursuant to 42 U.S.C. §1983. Plaintiff alleges within his Complaint violations of the First, Eighth and Fourteenth Amendments of the United States Constitution. Specifically, Plaintiff claims: a First Amendment violation challenging the institution's practice of rejecting publications containing sexually explicit material addressed to death row prisoners; the conditions of his confinement under the Eighth Amendment; and the denial of his due process rights under the Fourteenth Amendment.

Accompanying his Complaint, Plaintiff made application to proceed <u>in forma pauperis</u> and for preliminary relief to temporarily enjoin defendants and maintain the status quo regarding his Eighth Amendment claims, pending adjudication of the motion for preliminary relief. Plaintiff further sought preliminary relief on his First and Eighth Amendment claims pending full adjudication of his Complaint.

### Supporting Facts and Law:

The Third Circuit Court of Appeals pronounced a standard for appointment of counsel under 28 U.S.C. §1915(d) in <u>Tabron v. Grace</u>, 6 F.3d 147, 155 (3d Cir. 1993). The framework set

1

forth by the Court in _Tabron_ requires a court first consider the threshold question of whether the case has arguable merit in fact and law. Next, the court should consider the following factors: (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. _Id._ at 155-57.

Plaintiff avows that his claims posses the prerequisite merit, and he therefore ask this Court to consider _Tabron_'s factor's to determine if counsel should be appointed.

   1. _Plaintiff's Ability to Present His Own Case._

Plaintiff asserts that his minimal education (he has a general equivalency diploma (GED) level education), lack of litigation experience (this is his first federal civil litigation and he is unfamiliar with the rules of discovery, subpoena process, trial advocacy, and the evidentiary and procedural rules), and the restraints created from the conditions of his confinement impede his ability to present his case.

Further complicating these considerations are the strict limitations placed upon his access to law library resources,

As an administratively segregated death row prisoner housed in SHU, Plaintiff is required to make request for legal services in writing. Request for case law are on loan and usually on a five for five exchange basis. Plaintiff is denied access to law library resources to assist in the preparation and presentation of his case, e.g., typewriter or computer. Plaintiff's law library access is via page system.

The Plaintiff's ability to present his case is conceivably the most consequential of Tabron's post-threshold factors. See Montgomery v. Pinchak, 294 F.3d 492, 501 (3d Cir. 2002). Where the Plaintiff appears incapable of presenting his own case a court deciding whether to appoint counsel should give serious consideration to the appointment, and should ordinarily appoint counsel where the claim is truly substantial. See Tabron, 6 F.3d at 156.

Plaintiff has asserted his minimal education, lack of federal litigation experience, and confinement restraints as impediments to his ability to present his own case. The current law of this circuit recognizes these hindrances as factors to be considered where courts examine a plaintiff's ability to present his case. Id.; see also Parham v. Johnson, 126 F.3d 454, 459 (3d Cir. 1997).

 2. The Difficulty of the Particular Legal Issue.

In his Complaint, Plaintiff asserts violations of his rights under the First, Eighth, and Fourteenth Amendments

3

of the United States Constitution. Although Plaintiff is able to establish a violation of his rights, he is unskilled at the complex rules of discovery, and is inexperienced in the factual development and trial preparation necessary for presentation of his case. Additionally, his ability to research the involved legal issues and discovery matters is severely restricted due to limited law library access. Moreover, certain elements of Plaintiff's claims may require the presentation of expert testimony which will entail complex discovery considerations.

In Tabron, the Court held that when considering a plaintiff's ability to present his case, a court should simultaneously consider the difficulty of the particular legal issues. Id., 6 F.3d at 156. Tabron instructs further, that added consideration for appointing counsel should be given where the legal issues are complicated, and were the law is unclear; the ends of justice are usually served with each side represented by trained legal analyst. See id.; see also Parham, F.3d at 459 ("Where the legal issues are complex, it will probably serve everyone involved if counsel is appointed.").

Plaintiff has asserted his lack of litigation experience, constraints on his ability to conduct legal research and factual development, and potential need for expert testimony as factors complicating the particular legal issues. Plaintiff's ability to research the legal issues necessary to make a determination that his claims

4

are meritorious, is supported by those required to establish proof of his claim. Cf. <u>Montgomery</u>, 294 F.3d at 502 (citing <u>Parham</u>, 126 F.3d at 458).

3. <u>Necessity for Factual Investigation and Ability of Plaintiff to Pursue Investigation.</u>

Plaintiff has been unable to pursue an investigation of the facts relevant to the proof going towards his claims. The restrictive conditions of his confinement limit the ability to gather facts, effect discovery in pursuit of supporting facts, and ascertain the viability of expert testimony.

The Third Circuit has noted that courts should consider the impact Plaintiff's confinement conditions have on his claims and any discovery difficulties that may be present. See <u>Montgomery</u>, 294 F.3d at 503-04.

4. <u>Capacity to Retain Counsel.</u>

Plaintiff has been incarcerated since May 1990 and is unable to afford an attorney to represent him. Plaintiff has been found to be indigent in the Delaware Superior and Supreme Courts, this Court and the Third Circuit Court of Appeals throughout his criminal appeals. Plaintiff has also requested <u>in forma pauperis</u> status in an application accompanying his related Complaint before this Court.

The capacity to appoint counsel under §1915(d) at any juncture during litigation, to include by a district court <u>sua sponte</u> was

5

underscored by the Third Circuit in <u>Tabron</u>, 6 F.3d at 156.

The Plaintiff's inability to afford counsel on his own, continued imprisonment, and the granting of his application to proceed <u>in forma pauperis</u> by a district court have been held presumptively fulfilling for this factor. See <u>Montgomery</u>, 294 F.3d at 505.

5. <u>Extent Case is Likely to Turn on Credibility Determinations.</u>

Plaintiff does not believe the claims presented within his Complaint will constitute a case likely to turn solely on credibility determinations.

6. <u>Whether the Case Will Require Testimony from Expert Witnesses.</u>

It is Plaintiff's belief that expert testimony will be necessary to the advancement of his claims. In particular, Plaintiff believes that expert testimony will be necessary going to the proof of his Eighth Amendment claim. The assistance of expert testimony is thought essential to the development of confinement conditions impact on death row prisoners. Plaintiff believes absent an expert's independent assessment he will not achieve the prerequisite showing for a violation under current law.

Central to Plaintiff's Eighth Amendment claim challenging the conditions of his confinement is the impact of those conditions on his psychological and physical well-being. This Circuit has

6

acknowledged the significance of meaningful recreation to the psychological and physical welfare of prisoners. See Peterkin v. Jeffes, 855 F.2d 1021, 1031 (3d Cir. 1988) (citing Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979)). Consequently, the testimony from expert witness(es) may be necessary in proving his claim. Cf. Montgomery, 294 F.3d at 504 ("This Court has recognized the need for expert testimony in proving a claim based on medical injury.").

Conclusion.

Therefore, for the reasons and authorities discussed herein, Plaintiff prays that this Court will exercise its authority under § 1915 and request an attorney to represent him.

Respectfully Submitted,

/s/

Robert Gattis
SBI # 188752 - Bldg 18
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Dated: March 10, 2008

# CERTIFICATE OF SERVICE

I, Robert Gattis, hereby certify that on this day of _____ I served the within upon the following by United States mail postage paid.

Delaware Department of Justice
820 North French Street, 7th Fl.
Wilmington, DE 19801

Dated: March 10, 2008

_____
Robert Gattis
SBI # 188752 - Bldg. 18
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977