IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT GATTIS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 08-154-JJF |
| WARDEN PERRY PHELPS, DELAWARE CORRECTIONAL CENTER, MAJOR DCC JAMES SCARBOROUGH, STAFF LIEUTENANT DCC KAREN HAWKINS, SERGEANT DCC WILFORD BECKLES, and CAROL POWELL, | : |
| Defendants. | : |

Robert Gattis, Pro se Plaintiff. Delaware Correctional Center, Smyrna, Delaware

**MEMORANDUM OPINION**

July 1, 2008
Wilmington, Delaware

Farnan, District Judge

Plaintiff Robert Gattis ("Plaintiff"), an inmate at the Delaware Correctional Center ("DCC"), Smyrna, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 7.) For the reasons discussed below, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). The Court will deny Plaintiff's pending Motions For Temporary Restraining Order, To Appoint Counsel, For Extension Of Time, and For An Order To Show Cause. (D.I. 3, 5, 12, 15.)

I.  BACKGROUND

Plaintiff, a death row inmate, alleges violations of his First and Eighth Amendment rights. Plaintiff alleges a violation of his First Amendment rights because the DCC's restriction on incoming publications containing sexually explicit material, as applied to death row inmates, is not reasonably related to a legitimate penological interest. Plaintiff alleges that on March 14, 2007, the Department of Correction ("DOC") promulgated its revised policy on incoming publications and on March 26, 2007, then Warden Thomas Carroll issued a memorandum announcing that the DCC's policy on incoming publications had not changed. Plaintiff ordered several publications, including W The Art

Issue, American Curves, and Playboy, all of which were rejected as sexually explicit/obscene in nature, not conducive to the goal of rehabilitation, and in violation of DOC Policy 4.5. Plaintiff appealed the rejections, and the warden denied each appeal.

Plaintiff also alleges a violation of his Eighth Amendment rights because exercise time has been reduced from four days per week to three days per week. He is allowed one hour of exercise each day. He also alleges that now he must take recreation indoors when the outdoor area are in use and he is no longer permitted recreation following scheduled visits. Plaintiff alleges this presents a significant risk to the psychological and physical well-being of inmates.

## II.  STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In performing its screening function under § 1915(e)(2)(B), the Court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). <u>Fullman v. Pennsylvania Dep't of Corr.</u>, No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing <u>Weiss v. Cooley</u>, 230 F.3d 1027, 1029 (7th Cir. 2000). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. <u>Erickson v. Pardus</u>, -U.S.-, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, -U.S.-, 127 S.Ct. 1955, 1964 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8.

A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id</u>. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." <u>Id</u>. (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to

relief. <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. <u>Id</u>. (citing <u>Twombly</u>, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." <u>Id</u>. at 235 (quoting <u>Twombly</u>, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." <u>Id</u>. at 234. Because Plaintiff proceeds <u>pro se</u>, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. <u>Erickson v. Pardus</u>, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

**III. ANALYSIS**

    **A. Eleventh Amendment Immunity**

The Delaware Department of Correction is an agency of the State of Delaware. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. <u>Pennhurst State School & Hosp. v. Halderman</u>, 465 U.S. 89, 100 (1984). Moreover, state correctional institutions are arms of the state and not persons

subject to liability under § 1983.  See Green v. Howard R. Young Corr. Inst., 229 F.R.D. 99, 102 (D. Del. 2005).

The State has not waived its immunity from suit in federal court, and although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983.  Brooks-McCollum v. Delaware, 213 Fed. Appx. 92, 94 (3d Cir. 2007) (citations omitted).  Hence, Plaintiff's claims for monetary damages are barred by the State's Eleventh Amendment immunity.  See MCI Telecom. Corp. v. Bell Atl. of Pa., 271 F.3d 491, 503 (3d Cir. 2001).  Consequently, Plaintiff's claim against the DCC has no arguable basis in law or in fact and, therefore, will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**B.  Sexually Explicit Materials**

This District has previously addressed the issues raised by Plaintiff regarding the receipt of sexually explicit publications by inmates at the DCC.  As Plaintiff notes, although the DOC policy has been revised, the DCC's policy on incoming publications has not changed.

In Stevenson v. Snyder, Civ. No. 00-732-KAJ, 2004 WL 422693 (D. Del. Mar. 4, 2004) and Jolly v. Snyder, Civ. No. 00-041-JJF, 2003 WL 1697539 (D. Del. Mar. 22, 2003), the Court dismissed claims that DCC inmates' First and Fourteenth Amendment rights were being violated by the same policy that is challenged in this

case. Stevenson, 2004 WL 422693 at *3; Jolly, 2003 WL 1697539 at *6. In Jolly, the Court applied the reasonableness factors set forth in Turner v. Safely, 482 U.S. 78, 89-91 (1987)[1], and concluded, as a matter of law, that the Policy furthered the penological goals of maintaining prison security and rehabilitating sex offenders and was narrowly tailored. Jolly, 2003 WL 1697539 at *5. See also Waterman v. Farmer, 183 F.3d 208 (3d Cir. 1999) (upholding restrictions on prisoners' access to pornographic materials; Dawson v. Scurr, 986 F.2d 257 (8th Cir. 1999); Amatel v. Reno, 156 F.3d 192 (D.C. Cir. 1998); Thompson v. Patterson, 985 F.2d 202 (5th Cir. 1993).

Plaintiff is not entitled to relief under the facts alleged as the Policy at issue does not violate his constitutional rights. Therefore, the Court will dismiss the claim as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**C. Exercise**

Plaintiff complains that his time for exercise has been

---

[1] The relevant factors in determining whether a regulation, or its application in a particular situation, is reasonable are as follows: (1) whether there is a valid, rational connection between the regulation and a legitimate and neutral government interest, (2) whether there are alternative means of exercising the constitutional right, (3) the impact the accommodation of the right will have on prison staff and other prisoners, and (4) whether the regulation is an exaggerated response to prison concerns, in light of readily available alternatives. Turner, 482 U.S. at 89-91.

7

reduced from four days to three, and that he must exercise inside when the outdoor area is in use. The denial of exercise or recreation can result in a constitutional violation.

"[M]eaningful recreation 'is extremely important to the psychological and physical well-being of the inmates.'" Peterkin v. Jeffes, 855 F.2d 1021, 1031 (3d Cir. 1988)(quoting Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979)); see also Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996)("[d]eprivation of outdoor exercise violates the Eighth Amendment rights of inmates confined to continuous and long-term segregation."); Patterson v. Mintzes, 717 F.2d 284, 289 (6th Cir. 1983); Campbell v. Cauthron, 623 F.2d 503, 506-07 (8th Cir. 1980); Kirby v. Blackledge, 530 F.2d 583, 587 (4th Cir. 1976); Loe v. Wilkinson, 604 F. Supp. 130, 135 (M.D. Pa. 1984). However, the lack of exercise can only rise to a constitutional level "where movement is denied and muscles are allowed to atrophy, [and] the health of the individual is threatened." Spain, 600 F.2d at 199. Thus, a constitutional violation will occur when the deprivation of exercise extends for a prolonged period of time and tangible physical harm resulting from the lack of exercise is demonstrated.

Plaintiff claims that Defendants' acts present a significant risk to the psychological and physical well-being of inmates. The Complaint does not allege that Plaintiff is deprived of

8

exercise for prolonged periods of time. Nor does it allege Plaintiff suffered a tangible harm from lack of exercise. Indeed, Plaintiff indicates that he exercises three times per week. For these reasons, the Court will dismiss the claim as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## IV. MISCELLANEOUS MOTIONS

### A. Motion For Injunctive Relief

At the same time Plaintiff filed his Complaint, he also filed a Motion For Temporary Restraining Order And Preliminary Injunction. (D.I. 3) The Motion speaks to the same issues raised in the Complaint.

When considering a motion for a temporary restraining order or preliminary injunction, a plaintiff must demonstrate that he is (1) likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendants; and, (4) granting the injunction is in the public interest. Maldonado v. Houstoun, 157 F.3d 179, 184 (3d Cir. 1998). In light of the fact that the Court will dismiss Plaintiff's Complaint, he has not demonstrated a likelihood of success on the merits. Therefore, the Court will deny the Motion.

### B. Motion To Appoint Counsel

Plaintiff moves for appointment of counsel. (D.I. 5.) A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to appointed counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). It is within the Court's discretion to seek representation by counsel for Plaintiff "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

Plaintiff's claim has no arguable merit in fact and law. Therefore, the Court will deny the Motion To Appoint Counsel. (D.I. 5.)

### C. Motion For Extension of Time

The Court will deny as moot Plaintiff's Motion For Extension Of Time. (D.I. 12.) Plaintiff sought additional time to file his Authorization Form. The Court has received the form. (See D.I. 11.)

10

### D. Plaintiff's Motion For Order To Show Cause

The Court will deny as moot Plaintiff's Motion For Order To Show Cause why the DCC had not paid Plaintiff's initial partial filing fee. (D.I. 12.) The initial partial filing fee was received on June 13, 2008.

## V. CONCLUSION

For the above reasons, the Complaint will be dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Further, the Court concludes that amendment of the Complaint would be futile. An appropriate Order will be entered.