IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT GATTIS, | : |
| | : |
| Plaintiff, | : |
| | : |
| | : |
| v. | : Civil Action No. 08-154-JJF |
| | : |
| WARDEN PERRY PHELPS, DELAWARE | : |
| CORRECTIONAL CENTER, MAJOR | : |
| DCC JAMES SCARBOROUGH, STAFF | : |
| LIEUTENANT DCC KAREN HAWKINS, | : |
| SERGEANT DCC WILFORD BECKLES, | : |
| and CAROL POWELL, | : |
| | : |
| Defendants. | : |

**MEMORANDUM ORDER**

**I. INTRODUCTION**

Plaintiff Robert Gattis ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC"), formerly known as the Delaware Correctional Center ("DCC"), Smyrna, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 7.)

**II. DISCUSSION**

Plaintiff, a death row inmate, alleges violations of the First, Eighth, and Fourteenth Amendments of the United States Constitution. The First and Fourteenth Amendment claims are raised against Defendants Warden Perry Phelps ("Phelps") and Carol Powell ("Powell"). (D.I. 2, 14.) The Eighth Amendment

claims are raised against Defendants Major James Scarborough ("Scarborough"), Staff Lieutenant Karen Hawkins ("Hawkins"), and Sergeant Wilford Beckles ("Beckles"). The DCC is also named as a defendant.

Upon initial screening, the Court dismissed the action as frivolous and for failure to state a cognizable claim. (D.I. 17, 18.) Plaintiff appealed. (D.I. 20.) The United States Court Of Appeals For The Third Circuit vacated the dismissal of the First and Fourteenth Amendment claims and remanded the case for further proceedings. Gattis v. Phelps, No. 08-3090 (3d Cir. Sept. 14, 2009). It affirmed the judgment in all other respects. Id.

### III. CONCLUSION

Inasmuch as the Court of Appeals affirmed the dismissal of the Eighth Amendment claims, the Court will dismiss Defendants Scarborough, Hawkins, and Beckles from the action. The Court will also dismiss the DCC from the action as it was previously dismissed from the case by reason of Eleventh Amendment immunity which also prevents this Court from granting Plaintiff's request for prospective injunctive relief. See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993) (noting inapplicability of Ex Parte Young exception to state agencies).

THEREFORE, IT IS ORDERED that:

1. The Clerk of Court shall cause a copy of this Order to

be mailed to Plaintiff.

	2. Defendants Delaware Correctional Center (i.e., James T. Vaughn Correctional Center), Major James Scarborough, Staff Lieutenant Karen Hawkins, and Sergeant Wilford Beckles are **DISMISSED** from the case.

	3. Pursuant to Fed. R. Civ. P. 4(c)(3) and (d)(1), Plaintiff shall complete and return to the Clerk of Court **original** "U.S. Marshal-285" forms for **remaining Defendants Warden Perry Phelps and Carol Powell**, as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to 10 Del. C. § 3103(c). Plaintiff has provided the Court with copies of the Complaint (D.I. 2) for service upon remaining Defendants and the Attorney General. **Plaintiff shall also provide the Court with copies of the Amended Complaint (D.I. 14) for service upon remaining Defendants and the Attorney General.** Plaintiff is notified that the United States Marshals Service ("USMS") will not serve the Complaint and Amended Complaint until all "U.S. Marshal 285" forms and copies of the Complaint and Amended Complaint have been received by the Clerk of Court. **Failure to provide the "U.S. Marshal 285" forms and copies of the Amended Complaint for remaining Defendants and the Chief Deputy Attorney General within 120 days of this Order may result in the action being dismissed**

**or Defendant(s) being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

4. Upon receipt of the form(s) required by paragraph 3 above, the USMS shall forthwith serve a copy of the Complaint (D.I. 2), the Amended Complaint (D.I. 14), this Order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the Defendant(s) so identified in each 285 form.

5. A defendant to whom copies of the Complaint, this Order, the "Notice of Lawsuit" form, and the "Return of Waiver" form have been sent, pursuant to Fed. R. Civ. P. 4(d)(1), has thirty days from the date of mailing to return the executed waiver form. Such a defendant then has sixty days from the date of mailing to file its response to the complaint, pursuant to Fed. R. Civ. P. 4(d)(3). A defendant residing outside this jurisdiction has an additional thirty days to return the waiver form and to respond to the Complaint.

6. A defendant who does not timely file the waiver form shall be personally served and shall bear the costs related to such service, absent good cause shown, pursuant to Fed. R. Civ. P. 4(d)(2). **A separate service order will issue in the event a defendant does not timely waive service of process.**

7. No communication, including pleadings, briefs, statement

of position, etc., will be considered by the Court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

8.   **NOTE:** *** When an amended complaint is filed prior to service, the Court will **VACATE** all previous service orders entered, and service **will not take place**.  An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

9.   **NOTE:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

_____12/15/09_____
DATE

_____[signature]_____
UNITED STATES DISTRICT JUDGE