# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT GATTIS, | : |
| Plaintiff, | : |
| v. | : Civ. No. 08-154-LPS |
| WARDEN PERRY PHELPS and CAROL POWELL, | : |
| Defendants. | : |

## MEMORANDUM ORDER

Pending before the Court are a request for counsel, motion for temporary restraining order and for preliminary injunction, and motion to amend complaint filed by Plaintiff Robert Gattis ("Gattis"). (D.I. 33, 36, 37) For the reasons given below, the Court will deny the motions.

## I.  BACKGROUND

Gattis, a prisoner housed at the James T. Vaughn Correctional Center (formerly the Delaware Correctional Center) in Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging violations of various constitutional rights. On June 17, 2010, he filed a request for counsel, and on August 16, 2010, he filed a motion to amend the complaint and motion for injunctive relief alleging denial of access to the courts. Gattis asks the Court to enjoin Defendants from confiscating his legal materials. More specifically, Gattis seeks an order enjoining Defendant Warden Perry Phelps from compelling him to reduce the amount of legal

1

materials retained in his cell. His motion to amend is based upon similar facts as those set forth in the motion seeking injunctive relief.

Gattis was advised on May 28, 2010 that the legal materials kept in his cell would have to be reduced to two cardboard boxes. Gattis was told that, upon request and approval, he might have a third box. Additional materials would be discarded or sent from the prison.

Gattis advised prison officials that all his legal materials are related to his twenty-year capital case, he is active in the litigation, and access to the full record is significant to his participation. Gattis filed a grievance requesting authorization to keep the complete record or, alternatively, for a secure location wherein to store that portion of the record exceeding the three-box limit. His grievance was denied. Gattis claims that the two-box directive is not related to a legitimate penological interest and that the failure to provide a secure location for storage and access of the excess legal materials hinders his access to the courts, in violation of the First Amendment to the United States Constitution.

Defendants oppose the motions. They argue that the proposed amendment to the complaint is futile. In addition, they contend that Gattis has not met the requisites for injunctive relief. They argue: they are immune from suit in their official capacities, Gattis has failed to show irreparable harm, there are no facts to indicate that Gattis' appeal of his criminal conviction has actual merit, allowing inmates to retain excess legal materials may cause a substantial threat to the safety of inmates and prison officials, and granting Gattis' motion is not in the public's interest.

## II. REQUEST FOR COUNSEL

Gattis seeks counsel on the grounds that he is indigent, his minimal education hampers his ability to present his case, the matters are complex and may require trained knowledge and skills, he is unable to pursue the required factual investigation due to his confinement in the Security Housing Unit ("SHU"), and, because his death row appeals are nearly exhausted and he is facing execution, an attorney will aid in expediting the current case. (D.I. 33)

A plaintiff in a civil suit does not have a constitutional or statutory right to an attorney. *See Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993); *see also Mallard v. United States Dist. Court for the S. Dist of Iowa*, 490 U.S. 296 (1989) (stating § 1915(d), now § 1915(e)(l), authorizes federal court to "request," but not require, unwilling attorney to represent indigent civil litigant). However, a district court may seek to obtain legal representation for an unrepresented plaintiff who demonstrates "special circumstances indicating the likelihood of substantial prejudice to [the plaintiff] resulting . . . from [the plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Tabron*, 6 F.3d at 154; *see also Mallard*, 490 U.S. at 296.

Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case, considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*,

3

294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56.

After reviewing Gattis' motion, the Court concludes that the case is not so factually or legally complex that a Court request for an attorney is warranted. In addition, the filings in this case demonstrate Gattis' ability to articulate his claims and represent himself. Indeed, Gattis successfully appealed this Court's order dismissing the case. Thus, in these circumstances, at this juncture of the case, the Court will deny without prejudice to renew Gattis' request for counsel. (D.I. 33)

### III. INJUNCTIVE RELIEF

#### A. Standard of Review

"A preliminary injunction is an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *See Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. Apr. 24, 2009) (not published) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

#### B. Discussion

Gattis is housed on death row. A prison investigation revealed that Gattis' property filled fourteen boxes, far in excess of the two-box rule. (D.I. 36 Ex. A) Prison housing rules permit two large cardboard boxes for storage of legal materials. (*Id.*) Requests to exceed the two-box

4

limit are referred to legal services, subject to final approval by the warden. (*Id.*) Inmate housing rules for maximum security provide, "Storage: All inmate state-issued and/or personal items, including legal materials of active cases, must be neatly stored in the wall locker. No boxes or foot lockers are permitted." (*Id.* at Ex. B)

Prisoners must be allowed "adequate, effective and meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822 (1977) (holding that prisons must give inmates access to law libraries or direct legal assistance). "Many courts have found a cause of action for violation of the right of access stated where it was alleged that prison officials confiscated and/or destroyed legal materials." *Zilich v. Lucht*, 981 F.2d 694, 695 (3d Cir. 1992) (internal quotation marks omitted). However, a violation of the First Amendment right of access to the courts is only established when a litigant shows that he was actually injured by the alleged denial of access.[1] The actual injury requirement is a constitutional prerequisite to suit. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (explaining that constitutional right of access is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court").

Defendants argue that, without the two-box rule, there would be a substantial threat to the safety of both inmates and prison officials. This District has previously determined that the prison regulation limiting the number of boxes of personal effects an inmates can keep in his cells is reasonably related to legitimate penological objectives, as the regulation promotes fire safety and limits access to contraband and clutter; meanwhile, inmates have access to the prison's

---

[1] An actual injury is shown only where a nonfrivolous, arguable claim is lost. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

law library. *See Howard v. Snyder*, 389 F. Supp. 2d 589 (D. Del. 2005). Gattis' request goes directly to the manner in which the Delaware Department of Correction operates it prison, so an injunction would substantially impact Defendants by constraining their operations. *See Carrigan v. State of Delaware*, 957 F. Supp. 1376, 1385 (D. Del. 1997). Additionally, granting injunctive relief is in contravention of the public's interest in the effective and orderly operation of its prison system. *Id.*

Notably, Gattis' motion does not allege that he was actually injured by the two-box limit, as is required to state a claim for denial of access to the courts. Gattis is required to allege that official acts thwarted his non-frivolous challenge to his conviction. *See Lewis*, 518 U.S. at 356. The pending motion does not fulfill this requirement.

Gattis has not demonstrated the likelihood of success on the merits. Additionally, he failed to demonstrate that granting the injunction will not result in irreparable harm to Defendants and that granting the requested injunction is in the public interest. Therefore, the Court will deny the motion.

### IV. MOTION TO AMEND

Gattis moves to amend his complaint to add a denial of access to the courts claim in violation of his First Amendment rights. The acts complained of occurred on May 28, 2010 and are discussed above in connection with Gattis' motion for injunctive relief.

Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course within twenty-one days after serving it, or twenty-one days after service of a responsive pleading or service of a motion under Rule 12(b), (e), or (f), whichever is earlier. "In all other

cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a).

The Third Circuit has adopted a liberal approach to the amendment of pleadings, to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990).

As discussed above, Gattis' proposed access to courts claim fails to allege a violation of First Amendment rights on which relief may be granted. In addition, the proposed amendment does not arise out of the same occurrence that is the basis for the remainder of the initial complaint. Gattis' claims in his original complaint occurred during March 2007. (D.I. 2, 14, 29) The allegations complained of in the proposed amendment occurred in May 2010.

Amendment of the complaint is futile. Therefore, the court will deny the motion to amend. (D.I. 37)

V.  **CONCLUSION**

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.  Plaintiff's request for counsel (D.I. 33) is DENIED without prejudice to renew.

2.  Plaintiff's motion for temporary restraining order and for preliminary injunction (D.I. 36) is DENIED.

3.  Plaintiff's motion to amend/correct (D.I. 37) is DENIED.

Dated: March 23, 2011

UNITED STATES DISTRICT JUDGE